ISAAC WRIGHT vs. OLD COLONY AND FALL RIVER RAILROAD
COMPANY.

In an action against a corporation on a debt, the defence was payment; and it appeared
that the president of the corporation took the bill receipted from the creditor to get the
money from their treasurer, and gave the bill to the treasurer, who made a correction in
it, and handed it with the money back to the president, who lost them. The defendants
contended that their president acted as the creditor's agent; and asked that the jury be
instructed " that the circumstance that the treasurer, after correcting and paying the bill,
lent the receipt, to be returned after showing the same, did not prevent the antecedent
acts from constituting a legal payment." But the judge, without thus instructing the
jury, instructed them as to the respective duties of a president and treasurer of a cor
poration, and that it was for the jury to say, not upon any particular portion of the proof,
but upon all the evidence, for whom the president was acting. *Held*, that the defendants
had no ground of exception.

ACTION OF CONTRACT for wood sold and delivered. Answer,
payment. At the trial in the court of common pleas, before
*Sanger*, J., it appeared that the plaintiff had supplied the wood
to the defendants, and been paid therefor by the Old Colony
Bank, and had authorized the bank to collect the amount at the
expense of the bank from the defendants.

It was in evidence that Loud, the president of the bank, called
at the office of the defendants' treasurer in Boston, and not find-
ing him went to Alexander Holmes, the defendants' president,
and Holmes, after a conversation with Loud, took the bill to get
the money from the treasurer; and on the same day handed it
to the treasurer, who, discovering an error of one dollar in the
footing of the bill, corrected it, handed to Holmes the money
due on the bill, and with it the bill itself, that the mistake might
be seen and the bill subsequently returned to the treasurer; that
Holmes put the money in his pocket book, and soon left Boston
in the defendants' cars, and on the train, some distance from
Boston, was asked by Loud for the money, and thereupon dis-
covered that it and his pocket book were missing, having prob-
ably been stolen from him at the station in Boston.

From the evidence the plaintiff contended that Holmes, in
what he did in regard to the wood bill, acted as the agent of the
defendants, and that the money not having reached Loud, but

being lost by the agent of the defendants, the loss fell on the defendants. The defendants contended that Holmes was acting in regard to it only as the agent of Loud, doing him a kindness; and that when the treasurer paid Holmes the money, it was a payment to Loud, and that therefore the loss should fall on him.

The defendants requested the court to instruct the jury, " that the circumstance that the treasurer, after correcting the bill (according to the minutes thereon) and paying the bill, lent the receipt, to be returned after showing the same, did not prevent the antecedent acts from constituting a legal payment."

The court did not in terms so instruct the jury; but instructed them " that the duties of the president and treasurer of the defendants were distinct and different (the court stating generally what the duties of each officer were under the law and upon the evidence) ; that the fact that Holmes was the president of the defendants would not make him the agent of the treasurer and of the corporation in this matter, nor would it prevent him from so acting; that the treasurer's place of business, and the proper place ordinarily for him to pay the debts and demands due from the corporation, was his office; but that he might well, if it were necessary, employ one of his clerks, or any suitable person, to make a payment in his behalf, and in behalf of the corporation, as, for instance, he could by such person send money of the corporation to take up a note of the corporation due at a bank ; and so he could transmit the money by Holmes to pay this wood bill, if he pleased, and it was for the jury to say, not upon any particular portion of the proof, but upon all the evidence upon this point, how Holmes in this matter was acting, whether for the treasurer and the corporation, or for Loud." The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*E Ames & C. G. Davis*, for the defendants.

*E. Wilkinson*, for the plaintiff.

MERRICK, J. This action is brought for the benefit of the Old Colony Bank, in whose behalf their president, Loud, acted as an authorized agent in the several transactions out of which

the controversy between the parties to the present suit arose. The defendants set up in their answer, and at the trial relied as their sole defence upon an alleged payment of the plaintiff's bill. It appeared in evidence that their treasurer, by whom the payment of the bill should properly have been made, did upon the presentment of it to him by Holmes, their president, duly receipted, deliver to him the full amount of it in money, for the purpose of paying it. But whether the delivery of that money to him operated as, and was in fact a payment of the debt due to the Old Colony Bank as the equitable assignee of the plaintiff, depended upon the determination of the further question in relation to the party on whose account he received it, and for whom he was authorized to act. It was conceded that if he was empowered by Loud to receive it on his account, and acted as his agent in taking it from the defendants' treasurer, the debt was paid, and the action could not be maintained; but this was denied by the plaintiff, who insisted that Holmes was the agent or servant or messenger of the treasurer or of the defendants, taking the money from him to carry and pay the same to Loud in discharge of their admitted indebtedness. This was the precise point in issue between the parties. They did not disagree as to the legal consequences which would follow from establishing the fact of his agency, but their dispute was confined to the question whether he was the agent of Loud or of the defendants. In this aspect of the case, the jury were instructed that it was for them to say, not upon any particular portion of the proof, but upon all the evidence on this point, how Holmes in this matter was acting, whether for the treasurer and the corporation or for Loud.

The defendants do not contend, in support of their exceptions, that this instruction was erroneous, but they complain that it was too general and indefinite; and that they were entitled to have had the jury advised as to the application of the law, in relation to the facts proved and the issue to be determined, in a manner more pointed, direct and explicit. It is certainly true that in many cases the mere statement of abstract legal propositions, however correct, will afford a very inadequate guide to the

jury in the solution of complicated questions; and courts exer-
cising a supervisory power over judicial trials will interpose for
the sake of protecting the rights of parties and the due adminis-
tration of justice, whenever it is seen that for want of a definite
rule and an exposition of the law suitable and adapted to the
particular occasion upon which it is given, the jury may have
failed to perform or have been misled in the discharge of their
duty. *Wood* v. *O'Kelley*, 8 Cush. 408. *Kellogg* v. *Northampton*,
4 Gray, 68. But no such difficulty appears to us to have arisen
in the present case. It was the duty of the jury to determine a
pure, simple question of fact. Both parties concurred in assert-
ing that that was the point to be determined; and there was no
difference between them as to the legal effect which was to
follow from the proof and establishment of the one or the other
proposition. It was quite sufficient therefore for the court to
direct the attention of the jury to the only matter for their con-
sideration, which was in controversy between the parties, and to
advise them that it ought not to be determined upon an imper-
fect or partial, but upon a comprehensive, view of the whole
evidence laid before them. And this instruction, together with
an exposition of the respective duties and obligations of the
president and treasurer of the defendant corporation, particu-
larly in reference to the evidence as to what occurred between
them respecting the payment of the plaintiff's bill, which does
not appear to have been in any degree objectionable or unsatis-
factory, must be considered to have been a substantial adoption
of the ruling which was sought for from the court respecting
the effect of the mere loan of the receipt for a special purpose,
after the debt had been previously paid.

These instructions being found to have been correct, and none
of the other objections taken at the trial having been insisted
upon or adverted to by the defendants' counsel at the argument,
we have presumed that they were intentionally waived.

*Exceptions overruled.*